IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(1) ATWOOD-LEISMAN, an Idaho general partnership;

(2) DBSI/TRI IV LIMITED PARTNERSHIP, an Idaho limited partnership;

(3) DBSI/TRI V LIMITED PARTNERSHIP, an Idaho limited partnership;

(4) DBSI/TRI VIII LIMITED PARTNERSHIP, an Idaho limited partnership;

(5) FOREST HILLS INVESTORS OF COQUILLE, OREG. LTD., an Oregon limited partnership;

(6) JADIN INVESTMENTS, LTD., an Oregon limited partnership;

(7) KIMBERLY ASSOCIATES, an Idaho limited partnership;

(8) LVLP-ATWOOD LIMITED PARTNERSHIP; an Idaho limited partnership;

(9) LEISURE VILLAGE LIMITED PARTNERSHIP, an Idaho limited partnership;

(10) MADISON PARK LIMITED PARTNERSHIP; an Idaho limited partnership;

(11) NORSEMEN VILLAGE, an Oregon limited partnership;

(12) P&A ASSOCIATES, an Idaho general partnership;

No. 98-815 C
(Judge Lettow)

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PRESENT SUBSTANTIVE EVIDENCE BY WAY OF PRIOR DEPOSITION TESTIMONY AND TRIAL TESTIMONY**

(13) PARKSIDE DEVELOPMENT, an Oregon limited partnership;

(14) PIONEER SHADOW LIMITED PARTNERSHIP FKA MERCY HOUSING II, an Idaho limited partnership;

(15) SANDLEWOOD ASSOCIATES, an Idaho limited partnership;

(16) DBSI HOUSING, INC., an Idaho corporation;

(17) DBSI, INC., an Idaho corporation,

Plaintiffs,

vs.

THE UNITED STATES,

Defendant.

## TABLE OF CONTENTS

Page

I. INTRODUCTION....1

II. ARGUMENT....1

A. The Prior Trial Testimony of Dean Greenwalt Should Be Admitted as an Admission of the Defendant....1

B. Lynn Schoessler's Testimony as Defendant's 30(b)(6) Designee Should Be Admitted as an Admission by the Defendant....2

C. Lynn Schoessler's Deposition Testimony Given in His Individual Capacity Should Be Admitted Either on Grounds of Unavailability or as an Admission by Defendant....4

D. Arthur Garcia's Deposition Testimony Should Be Admitted Either on Grounds of Unavailability or as an Admission by the Defendant....6

E. Laurence Anderson's Testimony as Defendant's 30(b)(6) Designee Should Be Admitted as an Admission by the Defendant....8

F. Patrick Sheridan's Deposition Testimony Should Be Admitted Either on Grounds of Unavailability or as an Admission by the Defendant....9

G. Obediah Baker's Deposition Testimony Should Be Admitted Either on Grounds of Unavailability or as an Admission by the Defendant....10

H. In the Alternative, This Court Should Enter an Order Compelling Mr. Greenwalt, Mr. Schoessler, Mr. Garcia, Mr. Anderson, Mr. Sheridan, and Mr. Baker To Attend the Trial....12

III. CONCLUSION....12

## TABLE OF CASES AND AUTHORITIES

**Page**

**Cases**

*Franconia Assoc. v. United States*,
61 Fed. Cl. 718 (2004) .......... 2

*Globe Sav. Bank, F.S.B. v. United States*,
61 Fed. Cl. 91 (2004) .......... 2, 4, 5, 8, 9

**Statutes**

FED. R. EVID. 801 .......... 1, 2, 4, 8, 9, 10, 12

FED. R. EVID. 804 .......... 4, 6, 10

RCFC 32 .......... 1, 3, 4, 6, 8, 9

**Miscellaneous**

7 MOORE'S FEDERAL PRACTICE § 32.21 .......... 2

# I. INTRODUCTION

This Court previously determined that the defendant breached its loan contracts with plaintiffs by refusing plaintiffs' prepayment tenders. The remaining issues left for trial are (1) the determination of plaintiffs' damages caused by the government's breach of contract; (2) whether the government breached a settlement agreement also known as the agreement in principle; and (3) damages arising from the government's breach of the settlement agreement. By way of this motion, plaintiffs seek to shorten the trial by offering the prior testimony of defendant's former high ranking representatives who reside more than 100 miles from the courthouse and offering relevant portions of defendant's testimony given at various 30(b)(6) depositions. Defendant opposes plaintiffs' motion, largely on the grounds that plaintiffs should be required to bear the costs of calling defendant's former high ranking officials to the trial of this matter.

Of great significance, plaintiffs are only offering prior testimony of individuals who were previously employed by defendant in high ranking positions and whose testimony relates to and is founded upon their prior high ranking positions with the defendant. Thus, notwithstanding the issue of whether defendant's former high ranking officials are unavailable for trial, their prior testimony should be admitted as an admission of the defendant pursuant to Federal Rule of Evidence 801(d)(2) and/or RCFC 32(a)(2)

# II. ARGUMENT

## A. The Prior Trial Testimony of Dean Greenwalt Should Be Admitted as an Admission of the Defendant.

Mr. Greenwalt testified before this Court on June 17, 2003, at the trial of *Franconia Associates v. United States*, Case No. 97-381C (Fed. Cl.). *See* App. at 5-11.

Mr. Greenwalt is a former high ranking official of the defendant. *Id.* at 8-9. His testimony was accepted, with no objection from the defendant, as an admission by the defendant. *See* App. at 9-10; *see also Franconia Assoc. v. United States*, 61 Fed. Cl. 718, 752 (2004). Mr. Greenwalt's prior trial testimony was also subject to cross-examination by the defendant. *See* App. at 6.

Mr. Greenwalt testified in the *Franconia* matter that the defendant affirmatively marketed the prepayment right as an incentive to induce private investment in the 515 Program with the hope and expectation that 515 owners would prepay and convert their properties to commercial unrestricted apartment rent complexes. *See* App. at 9-11. Mr. Greenwalt elaborated that defendant's marketing efforts were consistent throughout the country. *Id.* at 9.

Mr. Greenwalt's testimony is clearly relevant to the foreseeability of plaintiffs' damages, which damages are premised upon the assumption that upon prepayment, plaintiffs would have converted their properties to higher and better uses as market rent properties.

Like *Franconia*, Mr. Greenwalt's testimony should be accepted as an admission by the defendant. *See* FED. R. EVID. 801(d)(2)(D); *Globe Sav. Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 98, n.11 (2004) (quoting 7 MOORE'S FEDERAL PRACTICE § 32.21[2][c] at 32-26) ("... the court has discretion to permit the use of the former employee's deposition at the trial or hearing on the theory that he or she in fact remained an 'agent or servant' within Evidence Rule 801(d)(2)(D) even though Rule 32(a)(2) was not satisfied.").

### B. Lynn Schoessler's Testimony as Defendant's 30(b)(6) Designee Should Be Admitted as an Admission by the Defendant.

On April 16, 2004, the defendant designated Lynn Schoessler to testify on its behalf regarding certain topics listed in a properly noticed RCFC 30(b)(6) deposition notice. *See* App. 52-53. Mr. Schoessler was specifically designated to testify on the topic of "RHS Oregon

offices participation in negotiating and consummating sales of the Forest Village, Hillside Terrace, Meadowbrook I, Norsemen Village, Seacrest and Vittoria Square properties and otherwise performing its duties and obligations under the agreement in principle executed by RHS, DBSI Housing, Inc., and DBSI, Inc., on or about February 28, 2003." *See* App. 54. By this motion, plaintiffs are offering Mr. Schoessler's testimony, as the defendant's 30(b)(6) designee, on questions relating to that topic and in general count three of plaintiffs' second amended complaint for breach of the settlement agreement. Under the terms of the settlement agreement also known as the agreement in principle, plaintiffs and defendant were to negotiate sales prices for the subject properties. *See* Supplemental Appendix to this Memorandum ("Supp. App.") at 267, ¶ 2. Then, if plaintiffs and defendant agreed upon prices and if acceptable buyers were located to purchase the properties for the agreed upon prices, then the defendant was to provide 100% financing to close the sale and transfer of the properties to the acceptable buyers. *Id.* at 267-68, ¶¶ 2-3. In defendant's sworn 30(b)(6) testimony, Mr. Schoessler admitted that the plaintiffs and defendant agreed to sales prices for the Forest Village, Hillside Terrace, Meadowbrook I, Seacrest, and Vittoria Square properties and further that local housing authorities were willing to purchase those five properties for the agreed upon prices. *See* App. 55-76. Such testimony clearly supports plaintiffs' assertion that the defendant breached the settlement agreement by refusing to finance the sales of these five properties for the agreed upon prices.

In sum, Mr. Schoessler's 30(b)(6) testimony should be admitted as admissions of defendant regardless of whether Mr. Schoessler is unavailable for trial. RCFC 32(a)(2) ("The deposition of a party or of anyone who at the time of taking the deposition was . . . a person designated under RCFC 30(b)(6) . . . to testify on behalf of a . . . governmental agency which is a

party may be used by an adverse party for any purpose."); FED. R. EVID. 801(d)(2) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. . . ."); *Globe Sav. Bank*, 61 Fed. Cl. at 95 (citations omitted) ("Regardless of the precise theory, admissions of a party are received as substantive evidence of the facts admitted and not merely to contradict the party. As a result, no foundation by first examining the party, as required for impeaching a witness with a prior inconsistent statement, is mandated for admissions. Similarly, unavailability is not required of admissions.").

### C. Lynn Schoessler's Deposition Testimony Given in His Individual Capacity Should Be Admitted Either on Grounds of Unavailability or as an Admission by Defendant.

Mr. Schoessler's deposition was taken as an individual on December 23, 2003. *See* App. at 12. At such deposition, Mr. Schoessler identified his residence as Salem, Oregon, which is over 100 miles from Boise, Idaho. *See* App. at 14-15. Undersigned counsel has sought Mr. Schoessler's cooperation in traveling to Boise, Idaho, for the trial of this matter. *See* Supp. App. at 254. Mr. Schoessler responded that he was unwilling to travel to Boise, Idaho, for the trial of this matter. *See* Supp. App. at 258. As such, Mr. Schoessler qualifies as an unavailable witness as defined by Federal Rule of Evidence 804(a)(5) and thus his testimony given on December 23, 2003, in his individual capacity should be admitted pursuant to RCFC 32(a)(3)(E).

Alternatively, Mr. Schoessler's testimony given at his December 23, 2003, deposition should be admitted as an admission by the defendant. At the time Mr. Schoessler was

deposed, he was the Oregon state director of the defendant federal agency. *See* App. at 15-18. As such, he was the highest ranking official in the defendant federal agency's Oregon office. *Id.* at 45.

By this motion, plaintiffs are offering Mr. Schoessler's testimony to support count three of plaintiffs' second amended complaint, breach of the settlement agreement also known as the agreement in principle. Mr. Schoessler is a signatory to the agreement in principle. *See* Supp. App. at 271. By signing the agreement, Mr. Schoessler acknowledged that he had the authority to bind the defendant federal agency to the agreement. *Id.* at 270 ("The signatories to this Agreement acknowledge that they have the authority to enter into this Agreement. . . . Likewise, the signatories for RHS, Arthur A. Garcia, Michael A. Field, and Lynn Schoessler represent that they have the authority to bind RHS to this Agreement."). Additionally, Mr. Schoessler has been repeatedly identified by the defendant as defendant's agent tasked with negotiating prices for the sale and transfer of the subject properties and locating prospective buyers under paragraph 2 of the agreement in principle. *See* App. at 44-45, 87, and 141-42. Given the foregoing, Mr. Schoessler's deposition testimony in his individual capacity should be admitted pursuant to RCFC 32(a)(2) or Federal Rule of Evidence 802(d)(2)(D). *Globe Sav. Bank*, 61 Fed. Cl. at 98 (". . . a party seeking to introduce deposition testimony at trial pursuant to that Rule [32(a)] is not relieved from establishing that the deponent had decision-making authority within the pertinent governmental agency at a key time and kept a responsible position within the agency or at a successor or sister agency at the time of the deposition."); *id.* at 97 (holding that Rule 801(d)(2)(D) is satisfied upon a showing that the admission is offered against a party; that the statement concerns a matter within the scope of his agency or employment – meaning the subject matter of the admission must match the subject matter of the employee's job

description; and the statements at issue were made during the existence of his relationship with the United States).

Mr. Schoessler's testimony establishes that plaintiffs and the defendant agreed to sales prices for the Forest Village, Hillside Terrace, Meadowbrook I, Seacrest, and Vittoria Square properties and that the defendant breached the settlement agreement by refusing to finance sales of those properties to local housing authorities who were ready, willing, and able to purchase those properties for the agreed upon prices. *See* App. at 12-49 and Supp. App. at 267-68, ¶¶ 2-3.

**D. Arthur Garcia's Deposition Testimony Should Be Admitted Either on Grounds of Unavailability or as an Admission by the Defendant.**

Arthur Garcia's deposition was taken on May 7, 2004. *See* App. at 77. At his deposition, Mr. Garcia identified his residence as Alexandria, Virginia, which is more than 100 miles from Boise, Idaho. *Id.* at 80. On August 11, 2006, undersigned counsel wrote a letter to Mr. Garcia asking his cooperation in traveling to Boise, Idaho, for the trial of this matter. *See* Supp. App. at 260. To date, Mr. Garcia has not responded to undersigned counsel's letter. *Id.* at 255, ¶ 3. As such, Mr. Garcia qualifies as an unavailable witness as defined by Federal Rule of Evidence 804(a)(5) and thus his deposition testimony given on May 7, 2004, should be admitted pursuant to RCFC 32(a)(3)(E).

In the alternative, Mr. Garcia's testimony given at his May 7, 2004, deposition should be admitted as an admission by the defendant. At the time Mr. Garcia was deposed, he was the administrator for the defendant federal agency. *See* App. 81. As such, he was the highest ranking official for the defendant federal agency. *Id.* Mr. Garcia is also a signatory to the agreement in principle that is the subject of count three to plaintiffs' second amended

complaint and for which Mr. Garcia's proffered testimony is relevant. *See* Supp. App. at 271. As a signatory to the agreement in principle, Mr. Garcia expressly acknowledged that he had the authority to bind the defendant federal agency to the agreement. *Id.* at 270 ("The signatories to this Agreement acknowledge that they have the authority to enter into this Agreement. . . . Likewise, the signatories for RHS, Arthur A. Garcia, Michael A. Field, and Lynn Schoessler represent that they have the authority to bind RHS to this Agreement.").

Again, Mr. Garcia's deposition testimony is relevant to the defendant's breach of the agreement in principle. *See* App. 77-111. When confronted with Mr. Schoessler's testimony that Mr. Garcia approved sales prices for Forest Village, Hillside Terrace, Meadowbrook I, Seacrest, and Vittoria Square properties, Mr. Garcia did not refute Mr. Schoessler's testimony. *Id.* at 91-93 and 104-05. When asked if he gave Mr. Schoessler authority to accept sales prices that were 10% above appraised prices, Mr. Garcia concurred that he had given such permission. *Id.* at 93-94. Mr. Garcia further conceded that if he did in fact give permission for sales prices, then sales agreements were to be executed by plaintiffs and the proposed local housing authority buyers and closings were to be scheduled. *Id.* at 96. The evidence in this case will show that written sales agreements were executed by plaintiffs and the approved local housing authorities for the Forest Village, Hillside Terrace, Meadowbrook I, Seacrest, and Vittoria Square properties after plaintiffs and the defendant agreed upon sales prices. But the defendant refused to finance the sales, as it was required to do pursuant to paragraph 3 of the agreement in principle. *See* Supp. App. at 268; App. 108. When asked why the defendant refused to finance the sales, Mr. Garcia identified one reason, the defendant's staff appraiser's concern about the appraisals commissioned by the defendant. *See* App. at 97-99 and 110-11. However, Mr. Garcia's testimony establishes that at the time the defendant decided not to finance the sales of Forest

Village, Hillside Terrace, Meadowbrook I, Seacrest, and Vittoria Square properties, the defendant's staff appraiser had not even reviewed the appraisals for the Forest Village, Hillside Terrace, Meadowbrook I, Seacrest, and Vittoria Square properties. *Id.* at 101-04.

In sum, Mr. Garcia's testimony should be admitted pursuant to RCFC 32(a)(2) as he was a managing agent of the defendant at the time his deposition was taken. *Globe Sav. Bank*, 61 Fed. Cl. at 97-99. Alternatively, pursuant to Federal Rule of Evidence 801(d)(2)(D), Mr. Garcia's testimony should be admitted as an admission of the defendant as it is offered against the defendant, the subject matter of the admissions relates to the subject matter of Mr. Garcia's job description, and Mr. Garcia made the statements at issue while he was the highest ranking official of the federal agency defendant. *Id.* at 96-97.

**E. Laurence Anderson's Testimony as Defendant's 30(b)(6) Designee Should Be Admitted as an Admission by the Defendant.**

On May 6, 2004, plaintiffs deposed the defendant pursuant to a properly noticed RCFC 30(b)(6) notice of deposition. *See* App. at 114-15. Defendant designated Laurence Anderson to testify on defendant's behalf. *Id.* As defendant's designee, Mr. Anderson's 30(b)(6) testimony is clearly admissible, regardless of whether he is unavailable for trial. RCFC 32(a)(2) ("The deposition of a party or of anyone who at the time of taking the deposition was . . . a person designated under RCFC 30(b)(6) . . . to testify on behalf of a . . . governmental agency which is a party may be used by an adverse party for any purpose."); FED. R. EVID. 801(d)(2); *Globe Sav. Bank*, 61 Fed. Cl. at 95.

Mr. Anderson's 30(b)(6) testimony is relevant to the foreseeability of plaintiffs' damages (App. 119-25); supports plaintiffs' conservative calculation of their damages

(App. 126-27); and supports plaintiffs' claim for breach of the settlement agreement (App. 128-67).

**F. Patrick Sheridan's Deposition Testimony Should Be Admitted Either on Grounds of Unavailability or as an Admission by the Defendant.**

Patrick Sheridan's deposition was taken on December 3, 2003. At his deposition, Mr. Sheridan identified his residence as Crofton, Maryland. *Id.* at 170. On August 11, 2006, undersigned counsel wrote a letter to Mr. Sheridan asking his cooperation in traveling to Boise, Idaho, for the trial of this matter. *See* Supp. App. at 262. On August 15, 2006, Mr. Sheridan contacted undersigned counsel and advised undersigned counsel that he was unwilling to travel to Boise, Idaho, to testify at the trial of this matter. *Id.* at 255, ¶ 4. As such, Mr. Sheridan qualifies as an unavailable witness as defined by Federal Rule of Evidence 804(a)(5) and thus his deposition testimony given on December 3, 2003, should be admitted pursuant to RCFC 32(a)(3)(E).

Alternatively, Mr. Sheridan's testimony given at his December 3, 2003, deposition should be admitted as an admission by the defendant pursuant to Federal Rule of Evidence 801(d)(2)(D). Mr. Sheridan held various high ranking positions within the defendant federal agency, including positions with supervisory oversight over the government loan program in question and the 1965-E Prepayment Prevention Program in question. *See* App. at 171-72, 176-79, 183-87, 190-94. While Mr. Sheridan was not employed by the agency at the time of his deposition, his deposition testimony is still admissible pursuant to Federal Rule of Evidence 801(d)(2)(D) if the subject matter of his admissions relates to the subject matter of his prior job description. *Globe Sav. Bank*, 61 Fed. Cl. at 98, n.11 (". . . the court has discretion to permit the use of the former employee's deposition at the trial or hearing on the theory that he or

she in fact remained an 'agent or servant' within Evidence Rule 801(d)(2)(D) even though Rule 32(a)(2) was not satisfied."). In this case, plaintiffs are offering Mr. Sheridan's deposition testimony to establish that the defendant expected plaintiffs to prepay their government loans and that plaintiffs incurred significant damages in that they were unable to tap their equity and put such equity to higher and better uses as a result of the defendant's refusal to accept plaintiffs' prepayment tenders. *See* App. at 173-76, 181-82, 196-97, 201-05, 210-15, 226-28. Mr. Sheridan's proffered testimony is directly related to the course and scope of his prior employment with the defendant federal agency and is founded upon knowledge he acquired as an employee of the defendant federal agency. *See* App. 168-228. For this additional reason, Mr. Sheridan's deposition testimony should be admitted as an admission by the defendant. *See* FED. R. EVID. 801(d)(2)(D).

**G. Obediah Baker's Deposition Testimony Should Be Admitted Either on Grounds of Unavailability or as an Admission by the Defendant.**

Obediah Baker's deposition was taken on December 4, 2003. *See* App. 229. At his deposition, Mr. Baker identified his residence as Woodbridge, Virginia, which is more than 100 miles from Boise, Idaho. *Id.* at 231. On August 11, 2006, undersigned counsel wrote a letter to Mr. Baker asking his cooperation in traveling to Boise, Idaho, for the trial of this matter. *See* Supp App. at 264. To date, Mr. Baker has not responded to undersigned counsel's letter. *Id.* at 255, ¶ 5. As such, Mr. Baker qualifies as an unavailable witness as defined by Federal Rule of Evidence 804(a)(5) and thus his deposition testimony given on December 4, 2003, should be admitted pursuant to RCFC 32(a)(3)(E).

In the alternative, Mr. Baker's testimony given at his December 4, 2003, deposition should be admitted as an admission by the defendant pursuant to Federal Rule of

Evidence 801(d)(2)(D). From 1965 through March 30, 2003, Mr. Baker was employed in various high ranking positions within the defendant federal agency. *See* App. 233-42. From November of 1998 through March of 2003, Mr. Baker was the deputy administrator of multifamily housing, the highest ranking nonpolitically appointed position within the agency. *Id.* at 241-42. Mr. Baker's proffered testimony relates to the course and scope of his prior high ranking positions within the defendant federal agency. *See* App. 242-52. Mr. Baker's testimony is offered to prove that the 515 Program was structured with economic tax incentives that encouraged borrowers to prepay after participating in the program for 15 years. *Id.* at 247-50. Mr. Baker's testimony is also offered to prove that the defendant, as part of its customs and practices and regulatory duties, was required to review and approve the terms of any transfer of ownership of a 515 property to another borrower who was to assume the existing government loan encumbering the property. *See* App. at 251-52. This evidence supports plaintiffs' assertion that the defendant was aware or should have been aware of seller notes that some of the plaintiffs executed as part of their acquisition of some of the properties that are the subject of this action. Those seller notes came due 15 years after plaintiffs acquired the properties and it was anticipated that plaintiffs would refinance their properties to pay off those seller notes when they came due. As a result of the defendant's refusal to accept plaintiffs' prepayment tenders, plaintiffs were precluded from refinancing their properties to pay off the seller notes when they came due, causing plaintiffs damages as outlined at pages 8-10 of Plaintiffs' Memorandum of Contentions of Fact and Law.

In sum, Mr. Baker's proffered testimony is directly related to the course and scope of his prior employment with the defendant federal agency and is founded upon

knowledge he acquired as an employee of the defendant federal agency. Thus, his deposition testimony should be accepted as an admission by the defendant. *See* FED. R. EVID. 801(d)(2)(D).

### H. In the Alternative, This Court Should Enter an Order Compelling Mr. Greenwalt, Mr. Schoessler, Mr. Garcia, Mr. Anderson, Mr. Sheridan, and Mr. Baker To Attend the Trial.

Should the Court prefer live testimony from Mr. Greenwalt, Mr. Schoessler, Mr. Garcia, Mr. Anderson, Mr. Sheridan, and Mr. Baker, then plaintiffs would request this Court to enter an order compelling their attendance at the trial of this matter for October 2-13, 2006, as defendant suggests on pages 5-6 of its opposition memorandum.

## III. CONCLUSION

For the foregoing reasons, this Court should admit the prior sworn testimony of the defendant's former high ranking officials on grounds of unavailability or, in the alternative, that their testimony constitutes admissions by the defendant.

Respectfully submitted this 1st day of September, 2006.

By ______________________

C. Clayton Gill
Attorneys for Plaintiffs
MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
ccg@moffatt.com
19-200.203

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of September, 2006, I caused a true and correct copy of the foregoing **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PRESENT SUBSTANTIVE EVIDENCE BY WAY OF PRIOR DEPOSITION TESTIMONY AND TRIAL TESTIMONY** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Michael S. Dufault
Trial Attorney
Commercial Litigation Branch
Civil Division
DEPARTMENT OF JUSTICE
Attention: Classification Unit
8th Floor, 1100 "L" Street N.W.
Washington, DC 20530

C. Clayton Gill