IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(1) ATWOOD-LEISMAN, an Idaho general partnership;

(2) DBSI/TRI IV LIMITED PARTNERSHIP, an Idaho limited partnership;

(3) DBSI/TRI V LIMITED PARTNERSHIP, an Idaho limited partnership;

(4) DBSI/TRI VIII LIMITED PARTNERSHIP, an Idaho limited partnership;

(5) FOREST HILLS INVESTORS OF COQUILLE, OREG. LTD., an Oregon limited partnership;

(6) JADIN INVESTMENTS, LTD., an Oregon limited partnership;

(7) KIMBERLY ASSOCIATES, an Idaho limited partnership;

(8) LVLP-ATWOOD LIMITED PARTNERSHIP; an Idaho limited partnership;

(9) LEISURE VILLAGE LIMITED PARTNERSHIP, an Idaho limited partnership;

(10) MADISON PARK LIMITED PARTNERSHIP; an Idaho limited partnership;

(11) NORSEMEN VILLAGE, an Oregon limited partnership;

(12) P&A ASSOCIATES, an Idaho general partnership;

No. 98-815 C
(Judge Lettow)

**SUPPLEMENTAL APPENDIX IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PRESENT SUBSTANTIVE EVIDENCE BY WAY OF PRIOR DEPOSITION TESTIMONY AND TRIAL TESTIMONY**

(13) PARKSIDE DEVELOPMENT, an Oregon limited partnership;

(14) PIONEER SHADOW LIMITED PARTNERSHIP FKA MERCY HOUSING II, an Idaho limited partnership;

(15) SANDLEWOOD ASSOCIATES, an Idaho limited partnership;

(16) DBSI HOUSING, INC., an Idaho corporation;

(17) DBSI, INC., an Idaho corporation,

Plaintiffs,

vs.

THE UNITED STATES,

Defendant.

COME NOW, the above-captioned plaintiffs, by and through undersigned counsel of record, and hereby submit the following supplemental supportive pleading:

1. Affidavit of C. Clayton Gill in Support of Plaintiffs' Motion for Leave to Present Substantive Evidence by Way of Prior Deposition Testimony and Trial Testimony attached hereto as Appendix J.

Respectfully submitted this 1st day of September, 2006.

By______________________

C. Clayton Gill
Attorneys for Plaintiffs
MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000

Facsimile (208) 385-5384
ccg@moffatt.com
19-200.203

## APPENDIX

J. Affidavit of C. Clayton Gill in Support of Plaintiffs' Motion for Leave to Present Substantive Evidence by Way of Prior Deposition Testimony and Trial Testimony . . . . . . . . . . . . . . Pages 253-273

# APPENDIX J

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(1) ATWOOD-LEISMAN, an Idaho general partnership;

(2) DBSI/TRI IV LIMITED PARTNERSHIP, an Idaho limited partnership;

(3) DBSI/TRI V LIMITED PARTNERSHIP, an Idaho limited partnership;

(4) DBSI/TRI VIII LIMITED PARTNERSHIP, an Idaho limited partnership;

(5) FOREST HILLS INVESTORS OF COQUILLE, OREG. LTD., an Oregon limited partnership;

(6) JADIN INVESTMENTS, LTD., an Oregon limited partnership;

(7) KIMBERLY ASSOCIATES, an Idaho limited partnership;

(8) LVLP-ATWOOD LIMITED PARTNERSHIP; an Idaho limited partnership;

(9) LEISURE VILLAGE LIMITED PARTNERSHIP, an Idaho limited partnership;

(10) MADISON PARK LIMITED PARTNERSHIP; an Idaho limited partnership;

(11) NORSEMEN VILLAGE, an Oregon limited partnership;

(12) P&A ASSOCIATES, an Idaho general partnership;

No. 98-815 C
(Judge Lettow)

**AFFIDAVIT OF C. CLAYTON GILL IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PRESENT SUBSTANTIVE EVIDENCE BY WAY OF PRIOR DEPOSITION TESTIMONY AND TRIAL TESTIMONY**

(13) PARKSIDE DEVELOPMENT, an Oregon limited partnership;

(14) PIONEER SHADOW LIMITED PARTNERSHIP FKA MERCY HOUSING II, an Idaho limited partnership;

(15) SANDLEWOOD ASSOCIATES, an Idaho limited partnership;

(16) DBSI HOUSING, INC., an Idaho corporation;

(17) DBSI, INC., an Idaho corporation,

Plaintiffs,

vs.

THE UNITED STATES,

Defendant.

STATE OF IDAHO )
) ss.
County of ADA )

C. CLAYTON GILL, having been duly sworn upon oath, deposes and states as follows:

1. I am an attorney of record for the above-captioned plaintiffs and make this affidavit upon my own personal knowledge.

2. On August 3, 2006, I left a voicemail message with Lynn Schoessler to determine whether Mr. Schoessler would voluntarily appear at the trial of this matter scheduled for October 2-13, 2006, in Boise, Idaho. Attached hereto as Exhibit A is a true and correct copy of a transcription of Mr. Schoessler's voicemail message back to me indicating that he was not willing to travel to Boise, Idaho for purposes of testifying at the trial of this matter.

3. Attached hereto as Exhibit B is a true and correct copy of a letter dated August 11, 2006, to Arthur A. Garcia at his address provided to me at his deposition taken on May 7, 2004. To date, Mr. Garcia has not responded to my letter.

4. Attached hereto as Exhibit C is a true and correct copy of a letter dated August 11, 2006, to Patrick Sheridan at his address given to me at Mr. Sheridan's deposition taken on December 3, 2003. Mr. Sheridan contacted me on August 15, 2006, and advised me that he was unwilling to travel to Boise, Idaho to testify at the trial of this matter.

5. Attached hereto as Exhibit D is a true and correct copy of a letter dated August 11, 2006, Obediah Baker at his address given to me at Mr. Baker's deposition taken on December 4, 2003. To date, Mr. Baker has not responded to my letter.

6. Attached hereto as Exhibit E is a true and correct copy of the Agreement in Principle dated February 28, 2003, that is the subject of Count 3 of plaintiffs' second amended complaint.

Further your affiant sayeth naught.

C. Clayton Gill

SUBSCRIBED AND SWORN to before me this 1st day of September, 2006.

JENNIFER R. TAYLOR NOTARY PUBLIC STATE OF IDAHO

Jennifer R. Taylor
NOTARY PUBLIC FOR IDAHO
Residing at Boise, ID
My Commission Expires 7/24/2012

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of September, 2006, I caused a true and correct copy of the foregoing **AFFIDAVIT OF C. CLAYTON GILL IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PRESENT SUBSTANTIVE EVIDENCE BY WAY OF PRIOR DEPOSITION TESTIMONY AND TRIAL TESTIMONY** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Michael S. Dufault
Trial Attorney
Commercial Litigation Branch
Civil Division
DEPARTMENT OF JUSTICE
Attention: Classification Unit
8th Floor, 1100 "L" Street N.W.
Washington, DC 20530
Facsimile (202) 353-7988

C. Clayton Gill

# EXHIBIT A

# VOICEMAIL TRANSCRIPTION SHEET

| | | |
|---|---|---|
| **TO:** | **C. Clayton Gill** | |
| **FROM:** | **Lynn Schoessler** | |
| **TRANSCRIBED BY:** | **Bev Lewtschuk** | |
| **RE:** | **Atwood-Leisman v. USA** | |
| **MTBR&F FILE NO.:** | **19-200.203** | |
| **VOICEMAIL DATE AND TIME:** | Call Placed on:<br>Forwarded on:<br>Transcribed on: | August 4, 2006; 8:12 a.m.<br>August 4, 2006; 8:59 a.m.<br>August 5, 2006; 2:32 p.m. |

---

**MESSAGE:**

Hey, Clay, it's Lynn Schoessler in Salem. Well, kind of nice to hear your voice again. Subject matter is a little questionable, but, anyway . . . I don't think it comes as any surprise that I'm not interested in coming to Boise and being a part of that trial. My deposition was my deposition; what's there is there; it's, you know, accurate, so far as I recall. Frankly, I probably don't recall much anymore accurately anyhow. So, anyway, don't think I really want to do that.

# EXHIBIT B

Boise
Idaho Falls
Pocatello
Twin Falls

*Moffatt Thomas*

MOFFATT THOMAS BARRETT ROCK & FIELDS, CHTD.

Eugene C. Thomas
John W. Barrett
R. B. Rock
Richard C. Fields
John S. Simko
John C. Ward
D. James Manning
Gary T. Dance
Larry C. Hunter
Randall A. Peterman
Mark S. Prusynski
Stephen R. Thomas
Glenna M. Christensen
Gerald T. Husch
Scott L. Campbell
Robert B. Burns
Michael E. Thomas
Patricia M. Olsson
Bradley J Williams
Lee Radford
Michael O. Roe
David S. Jensen
James L. Martin
C. Clayton Gill
David P. Gardner
John O. Fitzgerald, II
Julian E. Gabiola
Angela Schaer Kaufmann
Michael W. McGreaham
Paul D. McFarlane
Kimberly D. Evans Ross
Jon A. Stenquist
Tyler J. Henderson
Jason G. Murray
Mark C. Peterson
Andrew J. Waldera
Tyler J. Anderson
Dylan B. Lawrence
Russell G. Metcalf
Benjamin C. Ritchie

Robert E. Bakes, *of counsel*
Morgan W. Richards, *of counsel*

*Willis C. Moffatt*, 1907-1980
*Kirk R. Helvie*, 1956-2003

US Bank Plaza Building
101 S Capitol Blvd 10th Fl
PO Box 829
Boise Idaho 83701 0829

208 345 2000
800 422 2889
208 385 5384 Fax
www.moffatt.com

August 11, 2006

Authur Garcia
100 Luna Park Drive, Apartment 143
Alexandria, Virginia 22305

**Re: Atwood-Leisman, et al. v. United States**
MTBR&F File No. 19-200.203

Dear Mr. Garcia:

You may recall that I took your deposition in the above-captioned matter in December 2003. I am writing you this letter to determine whether you would be willing to come to Boise, Idaho for the trial of this matter presently scheduled for October 2-13, 2006. Because you live more than 100 miles from the courthouse, I cannot subpoena your attendance for the trial. Thus, I am writing this letter to determine your willingness to travel to Boise, Idaho for the trial.

At your earliest convenience, I would appreciate you giving me a call at the toll free number listed on this letter or sending me a written response indicating whether you are willing to travel to Boise, Idaho for the trial scheduled for October 2-13, 2006. I would expect to call you for approximately one hour of testimony during one of the days of the first week of trial.

Your courtesies in these regards is greatly appreciated. I look forward to hearing from you soon.

Very truly yours,

C. Clayton Gill

CCG/jrt
cc: Michael S. Dufault

# EXHIBIT C

*Moffatt Thomas*

MOFFATT THOMAS BARRETT ROCK & FIELDS, CHTD.

Boise
Idaho Falls
Pocatello
Twin Falls

Eugene C. Thomas
John W. Barrett
R. B. Rock
Richard C. Fields
John S. Simko
John C. Ward
D. James Manning
Gary T. Dance
Larry C. Hunter
Randall A. Peterman
Mark S. Prusynski
Stephen R. Thomas
Glenna M. Christensen
Gerald T. Husch
Scott L. Campbell
Robert B. Burns
Michael E. Thomas
Patricia M. Olsson
Bradley J Williams
Lee Radford
Michael O. Roe
David S. Jensen
James L. Martin
C. Clayton Gill
David P. Gardner
John O. Fitzgerald, II
Julian E. Gabiola
Angela Schaer Kaufmann
Michael W. McGreaham
Paul D. McFarlane
Kimberly D. Evans Ross
Jon A. Stenquist
Tyler J. Henderson
Jason G. Murray
Mark C. Peterson
Andrew J. Waldera
Tyler J. Anderson
Dylan B. Lawrence
Russell G. Metcalf
Benjamin C. Ritchie

Robert E. Bakes, *of counsel*
Morgan W. Richards, *of counsel*

*Willis C. Moffatt*, 1907-1980
*Kirk R. Helvie*, 1956-2003

US Bank Plaza Building
101 S Capitol Blvd 10th Fl
PO Box 829
Boise Idaho 83701 0829

208 345 2000
800 422 2889
208 385 5384 Fax
www.moffatt.com

August 11, 2006

Patrick Sheridan
1802 Lang Drive
Crofton, Maryland 21114

**Re: Atwood-Leisman, et al. v. United States**
MTBR&F File No. 19-200.203

Dear Mr. Sheridan:

You may recall that I took your deposition in the above-captioned matter in December 2003. I am writing you this letter to determine whether you would be willing to come to Boise, Idaho for the trial of this matter presently scheduled for October 2-13, 2006. Because you live more than 100 miles from the courthouse, I cannot subpoena your attendance for the trial. Thus, I am writing this letter to determine your willingness to travel to Boise, Idaho for the trial.

At your earliest convenience, I would appreciate you giving me a call at the toll free number listed on this letter or sending me a written response indicating whether you are willing to travel to Boise, Idaho for the trial scheduled for October 2-13, 2006. I would expect to call you for approximately one hour of testimony during one of the days of the first week of trial.

Your courtesies in these regards is greatly appreciated. I look forward to hearing from you soon.

Very truly yours,

C. Clayton Gill

CCG/jrt
cc: Michael S. Dufault

# EXHIBIT D

*Moffatt Thomas*

MOFFATT THOMAS BARRETT ROCK & FIELDS, CHTD.

Boise
Idaho Falls
Pocatello
Twin Falls

Eugene C. Thomas
John W. Barrett
R. B. Rock
Richard C. Fields
John S. Simko
John C. Ward
D. James Manning
Gary T. Dance
Larry C. Hunter
Randall A. Peterman
Mark S. Prusynski
Stephen R. Thomas
Glenna M. Christensen
Gerald T. Husch
Scott L. Campbell
Robert B. Burns
Michael E. Thomas
Patricia M. Olsson
Bradley J Williams
Lee Radford
Michael O. Roe
David S. Jensen
James L. Martin
C. Clayton Gill
David P. Gardner
John O. Fitzgerald, II
Julian E. Gabiola
Angela Schaer Kaufmann
Michael W. McGreaham
Paul D. McFarlane
Kimberly D. Evans Ross
Jon A. Stenquist
Tyler J. Henderson
Jason G. Murray
Mark C. Peterson
Andrew J. Waldera
Tyler J. Anderson
Dylan B. Lawrence
Russell G. Metcalf
Benjamin C. Ritchie

Robert E. Bakes, *of counsel*
Morgan W. Richards, *of counsel*

*Willis C. Moffatt*, 1907-1980
*Kirk R. Helvie*, 1956-2003

US Bank Plaza Building
101 S Capitol Blvd 10th Fl
PO Box 829
Boise Idaho 83701 0829

208 345 2000
800 422 2889
208 385 5384 Fax
www.moffatt.com

August 11, 2006

Obediah Baker
13007 Merganser Lane
Woodbridge, Virginia 22192

**Re: Atwood-Leisman, et al. v. United States**
MTBR&F File No. 19-200.203

Dear Mr. Baker:

You may recall that I took your deposition in the above-captioned matter in December 2003. I am writing you this letter to determine whether you would be willing to come to Boise, Idaho for the trial of this matter presently scheduled for October 2-13, 2006. Because you live more than 100 miles from the courthouse, I cannot subpoena your attendance for the trial. Thus, I am writing this letter to determine your willingness to travel to Boise, Idaho for the trial.

At your earliest convenience, I would appreciate you giving me a call at the toll free number listed on this letter or sending me a written response indicating whether you are willing to travel to Boise, Idaho for the trial scheduled for October 2-13, 2006. I would expect to call you for approximately one hour of testimony during one of the days of the first week of trial.

Your courtesies in these regards is greatly appreciated. I look forward to hearing from you soon.

Very truly yours,

C. Clayton Gill

CCG/jrt
cc: Michael S. Dufault

# EXHIBIT E

2/25/2003-first rev.

# AGREEMENT IN PRINCIPLE

This Agreement in Principle (hereinafter "Agreement") is entered on this 28 day of February, 2003, by the United States of America, acting through its executive agency, United States Department of Agriculture, Rural Housing Service (hereinafter "RHS"), and DBSI Housing, Inc. and DBSI, Inc. (hereinafter "DBSI").

## RECITALS

Since December 13, 2002, the parties have entered into a series of discussions in an attempt to resolve the lawsuits captioned *Atwood-Leisman. et al. v. United States,* Case No. 98-0416, currently pending before the Honorable B. Lynn Winmill in the Idaho Federal District Court (the "Idaho Lawsuit") and *DBSI-TRI IV Limited Partnership, et al. v. United States,* Case No. 98-1325, currently pending before the Honorable John Jelderks in the Oregon Federal District Court (the "Oregon Lawsuit"), under which, upon current RHS loan payoff, tenant displacement could occur.

The parties mutually desire to settle the Idaho Lawsuit and Oregon Lawsuit by DBSI selling to non-profit entities the properties that are the subject of the Idaho Lawsuit and Oregon Lawsuit (with the exception of the Kimberly property and the Mountain View property that are the subject of a separate Litigation Settlement Agreement and the Leisure Village VI property in which RHS has already released its interests) and the Meadowbrook I property located in John Day, Oregon which is not part of the Oregon Lawsuit. The properties that are the subject of this Agreement shall be collectively referred to as the "Subject Properties" and individually as a "Subject Property" and are listed in Exhibit A attached hereto. All sales shall be for the negotiated fair market value to non-profit entities who will be offered financing at Current Value as defined herein supported by sufficient RHS rental assistance.

Both RHS and DBSI have determined that it is in their best interests, and in the best interests of the tenants of the Subject Properties, to use their best efforts to consummate sales of the Subject Properties to non-profit entities, financed by RHS, which will continue to operate the Subject Properties under RHS's loan programs.

The parties desire to enter into this Agreement in order to establish an appraisal process to assist the parties in determining each Subject Property's appraised fair market value, in order to finance and sell the Subject Properties to non-profit entities.

Both RHS and DBSI represent that a portion of the consideration for entering into this Agreement is the opportunity to terminate their contractual relations under RHS's loan programs and the opportunity of RHS to avoid the possible cost and burden of finding or building replacement property for potentially displaced tenants.

By this Agreement, neither party intends to waive any claims or defenses that may be asserted in the lawsuit captioned *Atwood-Leisman, et al. v. United States of America,* Case No. 98-815C, pending before the Honorable Bohdan Futey in the United States Court of Federal Claims (hereinafter "Court of Federal Claims (hereinafter "Court of Claims Lawsuit").

**AGREEMENT**

Based upon the aforementioned recitals, DBSI and RHS agree in principle as follows:

1. Each of the Subject Properties in Exhibit A shall be appraised at RHS's expense by an independent appraiser satisfactory to both parties. All appraisals shall determine the fair market value of each Subject Property in its "as is" condition, according to its highest and best use, without any limitation. The appraisals shall follow the requirements of the Uniform Standards of Professional Appraisal Practice (USPAP). The appraiser(s) shall not be required to follow any RHS regulations, directives or administrative notices, including but not limited to RD Instruction 1965-E (7 C.F.R. 1965.201 *et seq.)* or RD Instruction 1922-B. However, the appraiser(s) may, in their discretion, consider such regulations, directives, or administrative notices in determining highest and best use value, including, without limitation, RHS appraisal method of determining subsidized property value to support RHS loan amounts on new projects. If the appraiser determines that the highest and best use of a Subject Property is multifamily housing property, the appraiser shall determine two values for the property:

(a) the fair market value of the Subject Property in its "as is" physical condition in its highest and best use as an unsubsidized property; and
(b) the as-is value in use as a subsidized multifamily housing property.

The appraisals shall be completed as soon as practical, but not later than seventy (70) days after the execution of this Agreement. The parties acknowledge, however, that the appraisers have stated, *a priori,* that it will take up to ninety (90) days to complete appraisals on all of the Subject Properties. The parties agree that if reasonable progress is being made in the appraisal process, the parties will extend the time for final completion of all appraisals for a period of thirty (30) days. RHS agrees that it will begin the process of transferring particular Subject Properties to Purchasers, as defined herein, as soon as appraisals for those Subject Properties are completed.

2. After the appraisals are completed the parties will, as soon as practical, but not later than twenty (20) days after each appraisal is completed, complete negotiations for the Current Value ("Current Value" is defined as the parties' negotiated highest and best use "as-is" value of each Subject Property plus the dollar value of the Reserve Account and any other accounts to be transferred to the buyer at the time of closing) and other terms and conditions of the sale of each Subject Property to an eligible non-profit purchaser determined to be qualified, in accordance with applicable statutes and regulations, and approved by the RHS State Director in the state in which the Subject Property is located (hereinafter, "Purchaser"). In negotiating the Current Value and other terms and conditions of the sale of each Subject Property to a Purchaser, and in accordance with 7 C.F.R. § 1965.249, RHS will waive all provisions of 7 C.F.R. §§ 1965.201 *et seq.* that are not required by the authorizing statute. Should the parties ultimately agree upon the terms of a sale to a non- profit entity, the Purchaser and DBSI will consummate a

subsequent written agreement outlining the negotiated price and other terms and conditions upon which sales are to take place, which terms and conditions are to be consistent with the terms of this Agreement.

3. RHS will make loans available to Purchasers for 100% of each Subject Property's Current Value, less any amount of DBSI's loan obligation to RHS that is assumed by the buyer.

RHS agrees to make loans available to prospective Purchasers upon terms that are at least as favorable to those currently being offered by RHS for its subsidized housing programs. RHS will also provide Purchasers with any assistance that they would be entitled to had the seller gone through the pre-payment process outlined in RHS's regulations. RHS will provide Purchasers with the rental assistance and approval of an operating budget necessary to support and amortize the 100% of Current Value loan necessary to support the transfer and closing of each Subject Property.

At closing, DBSI shall convey good and marketable title, free and clear of all liens except the lien of RHS, to the Purchaser(s). DBSI, for the sellers, and the Purchaser(s) shall pay their normal costs of closing in accordance with RHS regulations governing the transfer of RHS multi-family housing projects (excluding any costs pertaining to improving the "as-is" condition of the Subject Property). There will be no real estate brokerage fees.

4. a. If a sale of a Subject Property is consummated, RHS will do all things necessary to release any interest it has in the Reserve Account, General Operating Account, or any other cash account regarding the Subject Property that is not transferred to the Purchaser as part of closing. It is acknowledged that the Tenant Deposit Security Accounts shall be transferred in trust to the Purchasers, without compensation to the sellers; it is further acknowledged that the Tax and Insurance Escrow Accounts will be distributed to the seller after payment of any tax or insurance obligation owing on the date of transfer.

b. If a sale of a Subject Property is consummated, RHS will release the seller, including its general partners, from all obligations arising out of (a) RHS's loan programs, (b) the statutes and regulations governing RHS's loan programs (both past, present, and future), or (c) the loan agreements, promissory notes, deeds of trust, or mortgages that relate to the Subject Property so sold. RHS will also release the seller, including its general partners, from all claims, lawsuits, actions, audits, or administrative proceedings that seek reimbursement of benefits, rental assistance, other government subsidies or payments, or that seek to impose penalties or sanctions because of the alleged failure of sellers, or its agents, servants, contractors, employees, or general partners, to comply with (a) RHS's loan programs, (b) the statutes and regulations governing RHS's loan programs (past, present, and future), or (c) the loan agreements, promissory notes, mortgages or deeds of trust that relate to the Subject Property sold.

The release language set forth herein is conditioned upon the sale of a Subject Property to a Purchaser as described in this Agreement. In the event that a Subject Property is not sold to a Purchaser, and the loan secured by such Subject Property is paid in full, RHS shall execute and deliver a deed of reconveyance to the owner, in accordance paragraph 10, below.

5. If a Subject Property is sold to a Purchaser, DBSI and RHS agree to do all things necessary to dismiss the Subject Property from the Idaho Lawsuit and Oregon Lawsuit with prejudice, with neither party to be awarded costs or fees. Any dismissal with prejudice of a Subject Property from the Idaho Lawsuit or the Oregon Lawsuit shall not bar DBSI's claims for money damages or RHS' defenses that may be asserted in the Court of Claims Lawsuit that also relates to any of the Subject Properties. In other words, by entering into this Agreement, neither party intends to waive any claim or defense that my be asserted in the Court of Claims Lawsuit.

6. The failure of DBSI and RHS to agree upon Current Value or other terms and conditions for the sale of a Subject Property to a Purchaser, or the failure of the parties to locate a Purchaser to acquire a Subject Property, in accordance with paragraph 3, above, shall not be a breach of this Agreement. However, it is the desire and intent of both parties to this Agreement that all, or substantially all of the Subject Properties will be sold to Purchasers and that the Oregon Lawsuit and the Idaho Lawsuit will ultimately be dismissed.

7. Subject to the approval of the respective State Directors, which approval shall not be unreasonably withheld, RHS will allow a party acceptable to RHS under applicable statutes and regulations to replace DBSI as the general partner for the Castle County Associates Limited Partnership, owner of Castle County Apartments in Utah, and the Verde Plaza Associates Limited Partnership, owner of Verde Plaza Apartments in Arizona. Upon the substitution of the general partner, RHS will release DBSI in the same manner as set forth in paragraph 4.b. of this Agreement.

8. In consideration for RHS's agreement to reappraise the Subject Properties at RHS's expense, and the commitments set forth in paragraph 3, above, DBSI agrees to forebear, for a period of ninety (90) days from taking any action in the Oregon Lawsuit and the Idaho Lawsuit, other than pursuing its Motion for Clarification (Docket No. 75) in the Idaho Lawsuit and its Motion for Summary Judgment filed in the Oregon Lawsuit on February 5, 2003. Should the parties agree upon the terms and conditions of a sale of any of the Subject Properties to a Purchaser within ninety (90) days of the execution of this Agreement, DBSI will agree to continue to forbear from taking any action in the Idaho Lawsuit and the Oregon Lawsuit for an additional forty-five (45) days so as to give the parties time to close the sales of those properties.

9. RHS has confirmed with the Office of the Inspector General, United States Department of Agriculture, and represents that, there are no open investigations or audits currently in progress or contemplated by the Office of the Inspector General, United States Department of Agriculture, that pertain to any RHS multi-family housing projects in Idaho, Oregon, Utah and Arizona, in which DBSI is a principal, other than OIG Audit 04801-009-SF, which has been completed to the satisfaction of RHS. RHS has requested that OIG close the

audit. During the pendency of this Agreement, RHS will not institute, or request another governmental agency to institute any investigations or audits of DBSI, or any of the Subject Properties, or any of the current owners of the Subject Properties, including their general and limited partners. Should the parties ultimately consummate a sale of any of the Subject Properties to a Purchaser for a negotiated price, or in the event that any of the Subject Properties are not sold, and plaintiffs obtain a quiet title judgment for any of the Subject Properties, RHS will not institute, or request another governmental agency to institute, an investigation or audit of any owner, including its general or limited partners, whose property is so sold or whose title is so quieted.

10. In the event that a Subject Property is not transferred to a Purchaser pursuant to this Agreement, DBSI may, at its option, pay to RHS the balance due on any loan secured by the Subject Property, and be released from the obligations of the note, deed of trust, mortgage, loan agreement and RHS regulations without regard to any prepayment restrictions, including but not limited to the restrictions contained in 42 U.S.C. §1472(c) and 7 C.F.R. 1965.201 *et seq.* Upon payment of the balance owing on any loan secured by a Subject Property, RHS will release the owner of the Subject Property and its general partners from all obligations arising out of (a) RHS loan programs, (b) the statutes and regulations governing RHS loan programs (past, present and future), or (c) the loan agreements, promissory notes, deeds of trusts, or mortgages that relate to the Subject Property paid in full. RHS will also release any owner who pays its loan balance in full, including its general partners, from all claims, lawsuits, actions, audits, or administrative proceedings that seek reimbursement of benefits, rental assistance, other government subsidies or payments, or that seek to impose penalties or sanctions because of the alleged failure of such owner, its agents, servants, contractors, employees, general partners or limited partners to comply with (a) RHS loan programs, (b) the statutes and regulations governing RHS loan programs (past, present and future), or (c) the loan agreements, promissory notes, deeds of trusts, or mortgages that relate to the Subject Property so paid in full.

Upon payment of the balance owing on any loan secured by a Subject Property, RHS will stipulate and agree to the entry of an order and judgment quieting title to that Subject Property, *nunc pro tunc*, retroactively effective as of the date of this agreement. Alternatively, DBSI may refrain from paying the balance due on any such loan and continue to operate the respective Property as an RHS multi-family housing project, subject to all of the regulations of RHS not inconsistent with the terms of the loan documents.

11. The signatories to this Agreement acknowledge that they have the authority to enter into this Agreement. Specifically, the undersigned signatory for DBSI, Douglas L. Swenson, President of DBSI Housing Inc. and DBSI Inc., acknowledges that he has the authority to bind each of the owners and partnerships that own the Subject Properties described in Exhibit A hereto. Douglas L. Swenson represents and warrants that DBSI housing Inc. or DBSI Inc. is the general partner for each of the partnerships which own the subject Properties identified in Exhibit A.. Likewise, the signatories for RHS, Arthur A. Garcia, Michael A. Field, and Lynn Schoessler represent that they have the authority to bind RHS to this Agreement.

12. Until transfer of any Subject Property, or the payment of the loan balance of any Subject Property has occurred, the owners of each Subject Property agree to use funds in the respective Operating Accounts for ongoing requirements of each Property, including but not limited to routine maintenance expenses, and to pay from said Accounts all bills as they come due. DBSI shall maintain insurance coverage for of the projects until the respective transfers are completed, or until the loan balance for the Subject Property is paid in full as required by the loan agreements of the respective Subject Properties.

13. Notwithstanding any of the foregoing releases, nothing contained in this Agreement shall prevent or limit the United States or RHS from arguing or asserting any and all claims, actions, benefits, rental assistance, or government subsidies, payments, penalties and/or sanctions relating to properties released above by way of offset and/or in defense of DBSI's claims for damages in the pending Court of Claims Lawsuit. RHS is not aware of any legislation or draft regulations that may impair or impede the enforcement of this Agreement.

14. Nothing in this Agreement shall limit the right of either party to file this Agreement in the Court of Claims Lawsuit or raise any claims or defenses therein.

AGREED TO THIS _____ DAY OF FEBRUARY, 2003.

Arthur A. Garcia
Administrator
United States Department of Agriculture,
Rural Housing Service

AGREED TO THIS _____ DAY OF FEBRUARY, 2003.

Michael A. Field
State Director, Idaho
United States Department of Agriculture,
Rural Housing Service

AGREED TO THIS _____ DAY OF FEBRUARY, 2003.

Lynn Schoessler
State Director, Oregon
United States Department of Agriculture,
Rural Housing Service

APPROVED AS TO FORM AND CONTENT:

Assistant United States Attorney for
the District of Idaho

Nicholas J. Woychick
Attorney for RHS

Assistant United States Attorney for
the District of Oregon

Ron Silver
Attorney for RHS

AGREED TO THIS 28th DAY OF FEBRUARY, 2003.

Douglas L. Swenson
President
DBSI Housing, Inc. and DBSI, Inc.

APPROVED AS TO FORM AND CONTENT:

MOFFATT, THOMAS, BARRETT, ROCK
& FIELDS, CHARTERED

Robert E. Bakes - Of the Firm
Attorneys for DBSI

# Exhibit "A"
## Subject Properties of Agreement in Principle

| Property | Owner | Location |
|---|---|---|
| | | |
| Cedars | Sandlewood Associates | Gooding, ID |
| Cedars | DBSI/TRI VIII Limited Partnership | Shelley, ID |
| Chaparral | DBSI/TRI VIII Limited Partnership | Emmett, ID |
| Forest Village | DBSI/TRI IV Limited Partnership | Reedsport, OR |
| Grand Cascade | Pioneer Shadow Limited Partnership f/k/a Mercy Housing II | American Falls, ID |
| Goose Creek | DBSI/TRI VIII Limited Partnership | Burley, ID |
| Hillside | Forest Hills Investors of Coquille, Oreg. Ltd. | Coquille, OR |
| Leisure Village I | LVLP - Atwood Limited Partnership | Fruitland, ID |
| Leisure Village III | LVLP - Atwood Limited Partnership | Caldwell, ID |
| Leisure Village IV | LVLP - Atwood Limited Partnership | Payette, ID |
| Leisure Village V | Atwood-Leisman | Caldwell, ID |
| Madison Park | Madison Park Limited Partnership | Rexburg, ID |
| Meadowbrook I | DBSI/TRI VII Limited Partnership | John Day, OR |
| Norseman | Norseman Village | Junction City, OR |
| Poplar Grove | DBSI/TRI VIII Limited Partnership | Burley, ID |
| Sandlewood | Sandlewood Associates | Caldwell, ID |
| Sawtooth | P&A Associates | Burley, ID |
| Seacrest | DBSI/TRI IV Limited Partnership | Bandon, OR |
| Vittoria Square | Jadin Investments Ltd. | Newberg, OR |
| Wagon Wheel | DBSI/TRI VIII Limited Partnership | Rexburg, ID |
| Washington Park I | DBSI/TRI V Limited Partnership | Twin Falls, ID |
| Washington Park II | DBSI/TRI V Limited Partnership | Twin Falls, ID |