**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ATWOOD-LEISMAN, an Idaho general partnership, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | 98-815C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

PLAINTIFFS' STATUS REPORT UPON BEHALF OF BOTH PARTIES

Pursuant Rules 1, 6.1, and 7(b) of the Rules of the United States Court of Federal Claims and this Court's order dated February 26, 2007, plaintiffs, Atwood-Leisman, et al., upon behalf of themselves and defendant, the United States, respectfully file this status report regarding the status of the parties' settlement efforts. Counsel for the defendant has read this status report and consents to its content.

On September 11, 2006, plaintiffs provided the Government with a formal offer of settlement. On September 20, 2006, the United States Department of Agriculture provided the Department of Justice with a letter regarding its position upon plaintiffs' offer of settlement. The parties are now in the process of negotiating the terms of a potential settlement agreement, which would obviate the need for further proceedings before this Court

and would result in the dismissal of this action with prejudice.

With regard to terms of a potential settlement agreement, on September 22, 2006, counsel for the Government sent counsel for plaintiffs a draft, sample settlement agreement. On October 2, 2006, counsel for plaintiffs provided the Government with a revised, draft settlement agreement. Between October 6 and October 26, 2006, agency counsel reviewed the proposed settlement agreement and provided counsel for the Department of Justice with substantial comments and recommended revisions.

On November 9, 2006, counsel for the parties telephonically discussed and negotiated the language to be employed in the settlement agreement. In particular, the parties discussed the scope of the settlement agreement and its relation to other pending cases involving the properties at issue in this case. In addition, the parties discussed the need for, and extent to which, prior agreements entered into between the Government and plaintiffs were to be acknowledged and/or integrated in to the potential settlement of this case. On November 16, 2006, counsel for plaintiffs provided the Government with a revised proposed settlement agreement. On November 20, 2006, the parties, again, telephonically discussed plaintiffs' revisions to the potential settlement agreement.

On November 22, 2006, counsel for plaintiffs forwarded its proposed revisions to the settlement agreement to counsel for the Government. After a teleconference, counsel for plaintiffs' provided the Government with a revised settlement agreement on November 28, 2006. On December 6, 2006, the agency provided the Department of Justice with its comments on the settlement agreement, and counsel for the Government forwarded a revised settlement agreement to counsel for plaintiffs. Thereafter, the parties participated in a teleconference on December 8, 2006. On December 11, 2006, counsel for plaintiffs forwarded the Government a revised settlement agreement, to which the agency provided comments to counsel for the Government on December 13, 2006. Several teleconferences were held between December 14 and December 20, 2006 during which the language to be employed in the potential settlement agreement was finalized on December 22, 2006, with the agency's final comments and position received by counsel for the Government on December 27, 2006.

On January 30, 2007, counsel for the Government proposed additional minor changes to the settlement agreement, which were accepted by plaintiffs on February 1, 2007. The agency provided its final comments on the proposed settlement agreement on February 2, 2007.

At this time, the Government counsel is seeking the necessary settlement authority to accept plaintiffs' offer of settlement as memorialized in the proposed settlement agreement. Based upon the latest information obtained by Government counsel, the settlement memo drafted by trial counsel for the Government is being sent to the executive secretary for the Associate Attorney General. It is anticipated by the parties that an additional 30 days would allow time for counsel for the Government to seek settlement authority, and for both parties to execute a joint stipulation of dismissal with prejudice. If a potential settlement is not finalized, the parties propose that they file a joint status report with the Court by April 13, 2007 to apprise the Court of the status of the potential settlement.

/s/ C. Clayton Gill, Esq.

C. CLAYTON GILL, Esq.
Moffatt, Thomas, Barrett,
Rock and Fields, Chartered
101 S. Capitol Blvd., 10th
Floor
Post Office Box 829
Boise, Idaho 83701

Attorney for Plaintiffs

March 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2007, with the consent of counsel for plaintiffs, a copy of the foregoing "PLAINTIFFS' STATUS REPORT UPON BEHALF OF THE PARTIES" was filed electronically. I understand that notice of this of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ C. Clayton Gill